IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| ELSIE MARINO | * | |
| Plaintiff, | * | |
| v. | * | Case No: 17-cv-02116-GJH |
| JEFFREY NADEL D/B/A LAW OFFICES OF JEFFERY NADEL, *et al.*, | * | |
| | * | |
| Defendants. | | |
| | * | |

**DEFENDANTS CALIBER HOME LOANS, INC. AND THE BANK OF NEW YORK MELLON, AS TRUSTEE FOR CIT MORTGAGE LOAN TRUST 2007-1'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants Caliber Home Loans, Inc. ("Caliber") and The Bank of New York Mellon, as Trustee for CIT Mortgage Loan Trust 2007-1 ("BNYM"), (collectively, "Defendants"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6), respectfully submit this reply in support of their Motion to Dismiss (Doc. No. 7) the Complaint (Doc. No. 1) and in response to Plaintiff Elsie Marino's ("Plaintiff") Opposition to the Motion to Dismiss (Doc. Nos. 10 & 12), and in support state as follows:

**INTRODUCTION**

Plaintiff's Opposition, like her Complaint, consists of rambling paragraphs of legal conclusions, buzzwords, and block-quotes which appear to be primarily culled from the internet. The Opposition fails to cure the pleading or legal deficiencies in the Complaint, and instead, repeats the same meritless arguments present in the Complaint. The bottom line is that the Complaint fails to assert any viable claims under the Fair Debt Collection Practices Act ("FDCPA"), and accordingly, Plaintiff's Complaint must be dismissed with prejudice.

## ARGUMENT

**I.     THE COMPLAINT FAILS TO MEET THE PLEADING REQUIREMENTS OF FED. R. CIV. P. 8(a) AND 12(b)(6).**

Plaintiff contends that the Complaint meets the pleading requirements of Fed. R. Civ. P. 8(a) and 12(b)(6) because Defendants correctly deciphered the claims, and the Complaint asserts numerous facts against each of the defendants. (Doc. No. 12, pp. 3-4.) However, the sufficiency of the Complaint is not a guessing game or test for Defendants' ability to try to decode Plaintiff's theories. A complaint must contain "a *short and plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (emphasis added). The Complaint here is far from a "short and plain statement" consisting of eighty-three (83) paragraphs and with exhibits approximately fifty (50) pages, of legal conclusions, legal buzzwords, and recitation of law, presumably culled from the internet. The conclusions in the Complaint are simply insufficient to meet the pleading requirements, and accordingly, the Complaint should be dismissed.

**II.    PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATIONS OF THE FDCPA.**

In the Opposition, Plaintiff repeats her arguments that Defendants are debt collectors, and that each Defendant is required to provide an "initial communication" as defined by the Act. (Doc. No. 12, pp. 5-9.) While Plaintiff concedes that she is not challenging the validity of the Assignment, she still maintains that Defendants violated the FDCPA by recording the Assignment. (*Id.*) It is unclear from the Opposition whether she is still advancing her claim that Defendants also violated the FDCPA by communicating with the Maryland Circuit Court through the Substitute Trustees, including through the Affidavit of Debt. (*Id.*) Regardless, however, Plaintiff's theories and conclusions are still based on a fundamental misunderstanding of the FDCPA and the foreclosure process, and the Complaint must, accordingly, be dismissed with prejudice.

### A.     Caliber and BNYM Are Not Debt Collectors Under the FDCPA.

Contrary to Plaintiff's assertions, Plaintiff's allegation that Defendants are debt collectors does not make it so or absolve the Complaint from dismissal.  Defendants are not debt collectors as a matter of law, and accordingly, the Complaint must be dismissed.  The FDCPA "defines a debt collector as (1) a person whose *principal purpose* is to collect debts; (2) a person who *regularly* collects debts *owed to another*; or (3) a person who collects *its own debts,* using *a name other than its own* as if it were a debt collector."  *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 136 (4th Cir. 2016).  Here, Caliber is the loan servicer, and BNYM is an investor in the loan.  Their principal purpose is not debt collection. *See e.g. Henson*, 817 F.3d at 137; *Radford v. Wells Fargo Bank*, Case No. 10-00767 SOM-KSC, 2011 WL 1833020, *15 (D. Haw. May 13, 2011) (holding that the original lender, transferee Wells Fargo, nominee MERS, and mortgage servicer are not "debt collectors" under the FDCPA).  BNYM is collecting its own debt, and has not used the name of another.  Indeed, on January 23, 2017, the Substitute Trustees advised Plaintiff that the holder of the note was BNYM, and the Deed of Trust was assigned to BNYM.  (Doc. Nos. 1-1, 1-3.)  Accordingly, Plaintiff's FDCPA claim fails as a matter of law and must be dismissed with prejudice.

### B.     The Assignment and Filings in the Foreclosure are Not Initial Communications or Otherwise Governed by the FDCPA.

As argued in the Motion to Dismiss, there can only be one initial communication under the Act, and in this case, it was the January 23, 2017 letter from the Substitute Trustees.  (Doc. No. 7-1, pp. 8-9.)  As this was the initial communication, the subsequent Assignment and filings in the Foreclosure are not initial communications.  *See e.g. Senftle v. Landau,* 390 F. Supp. 2d 463, 473 (D. Md. 2005) (holding that service of pleadings in state court foreclosure did not constitute an initial communication under the FDCPA).  Furthermore, the Assignment is not an

attempt to collect a debt, but rather simply the document recording the transfer of the interest in the Deed of Trust to BNYM.  For these reasons, Defendants did not violate the FDCPA in recording the Assignment or through any filings in the Foreclosure, and the Complaint should be dismissed.

      **C.**    **Plaintiff Failed to Address Defendants' Arguments Regarding the Specific Sections of the FDCPA that Plaintiff Alleges Were Violated, and Accordingly, Those Arguments Are Deemed Abandoned.**

In the Complaint, Plaintiff argues that Caliber violated 15 U.S.C. § 1692c(a) and (b) and § 1692e(11), and that Defendants violated § 1692e. (Doc. No. 1, ¶¶ 74, 75, 77.)  In the Motion to Dismiss, Defendants refuted Plaintiff's arguments.  *See* Doc. No. 7-1, pp. 9-11.  Plaintiff, however, failed to respond to Defendants' arguments in her Opposition.  A party's failure to respond to arguments in a motion to dismiss is grounds for dismissal of the claims to which they pertain.  *See McKeel v. U.S.,* 178 F. Supp. 2d 493, 504 (D. Md. 2001) (noting that plaintiff conceded a point where he failed to address the defendant's argument).  Accordingly, Plaintiff has abandoned these FDCPA claims, and her Complaint must be dismissed with prejudice.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Court grant the Motion to Dismiss with prejudice and grant Defendants such other relief as the Court deems appropriate.

Dated:  November 13, 2017         Respectfully submitted,

                                    */s/ Peter J. Duhig*
                              Peter J. Duhig (Fed. Bar No. 26899)
                              **MCGUIREWOODS LLP**
                              7 Saint Paul Street, Suite 1000
                              Baltimore, MD 21202-1671
                              Telephone: (410) 659-4554
                              Facsimile: (410) 659-4498
                              E-mail: pduhig@mcguirewoods.com
                              ***Counsel for Caliber Home Loans, Inc. and The Bank of New York Mellon***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 13th day of November 2017, a true and correct copy of the foregoing was filed and served through the Court's CM/ECF system and/or via U.S. Mail addressed as follows.

Elsie Marino
12701 Darnestown Road
Gaithersburg, MD 20878
*Pro se Plaintiff*

Jeffrey Nadel d/b/a Law Offices of Jeffrey Nadel
Scott E. Nadel
Daniel Menchel
Michael McKeown
4041 Powder Mill Road
Suite 415
Calverton, Maryland 20705

                                       */s/ Peter J. Duhig*
                                       Peter J. Duhig