**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| **ELSIE MARINO,** <br><br>   Plaintiff, <br><br> v. <br><br> **JEFFREY NADEL D/B/A LAW OFFICES OF JEFFREY NADEL,** *et al.*, <br><br>   Defendants. | Case No. 8:17-cv-02116-GJH |

**SUBSTITUTE TRUSTEES' OPPOSITION TO PLAINTIFF'S
MOTION FOR ENTRY OF DEFAULT**

Defendants Jeffrey Nadel d/b/a Law Offices of Jeffrey Nadel, Scott Nadel, Daniel Menchel, and Michael McKeown (collectively, "Substitute Trustees"), by counsel, *specially appearing* and without waiving *in personam* jurisdiction, and pursuant to Rule 55 of the Federal Rules of Civil Procedure, hereby oppose Plaintiff's Motion for Entry of Default [ECF 17]. In support thereof, Substitute Trustees state as follows:

**DISCUSSION**

**I.    Substitute Trustees have not been properly served.**

Plaintiff's purported service is not proper, and Substitute Trustees have not waived and do not waive service. The Federal Rules of Civil Procedure provide for service of process upon an individual in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made". Fed. R. Civ. P. 4(e)(1). In turn, Maryland Rule 2-121 provides that, as to *in personam* service of process made by mailing, such mailing must be done via restricted delivery:

1

> Service of process may be made within this State or, when authorized by the law of this State, outside of this State (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or **(3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: "Restricted Delivery -- show to whom, date, address of delivery."**

Maryland Rule 2-121(a) (emphasis added).

Here, on October 20, 2017, Plaintiff filed a Return of Service, purportedly as to all Substitute Trustees (the "October 20 Return"). *See* Oct. 20 Return [ECF 11]. Subsequently, on October 26, 2017, Plaintiff filed additional Returns of Service as to each of the Substitute Trustees individually (the "October 26 Returns"). *See* Oct. 26 Returns [ECF 13].[1] The October 20 Return and October 26 Returns are collectively referred to herein as the "Returns."

Plaintiff's own Motion and exhibits confirm that she failed to comply with the requirements for service. Notably, although the Returns purport to indicate that Substitute Trustees were served via "certified mail, restricted delivery," no return receipts (or "green cards") are attached to indicate that such service was made. *See* Oct. 20 Return [ECF 11] at p. 1; Oct. 26 Returns [ECF 13] at pp. 4, 6, 8, 10.[2] Indeed, both the purported certified mail receipts and the purported post office receipt attached to the Returns indicate only that process was served by "Certified" mail, with no indication of restricted delivery service or postage paid for service beyond "Certified"

---

[1] The Returns of Service filed by Plaintiff on October 26, 2017 also include returns as to Co-Defendants Caliber Home Loans, Inc. ("Caliber") and The Bank of New York Mellon, as Trustee for CIT Mortgage Loan Trust 2007-1 ("BNYM"). *See id.* The returns as to Caliber and BNYM are attached to Plaintiff's Motion for Entry of Default [ECF 17], but their relevance to such Motion or the sufficiency of service upon Substitute Trustees is unclear.

[2] Nor are any corresponding green cards attached to Plaintiff's Motion.

mail. *See generally* Oct. 20 Return [ECF 11]; Oct. 26 Returns [ECF 13]. Indeed, the cost for restricted delivery service would include a charge of $8.55 per mailing, significantly more than indicated on Plaintiff's purported post office receipt. *See id.*; *see also* Insurance & Extra Services, https://www.usps.com/ship/insurance-extra-services.htm (last visited Mar. 12, 2018).

Accordingly, Plaintiff's attempted service of process upon Substitute Trustees fails to comply with the express requirements of Fed. R. Civ. P. 4(e)(1), as well as Md. Rule 2-121(a), and is ineffective. This Court's *in personam* jurisdiction over Substitute Trustees, therefore, has not been established.

Accordingly, Substitute Trustees request that the Court dismiss the Complaint as against Substitute Trustees under Rule 12(b)(5). In the alternative, and to the extent that the Court declines to dismiss the Complaint for failure to state a claim or on any other basis, Substitute Trustees request that the Court quash service as to Substitute Trustees for noncompliance with the express requirements of Fed. R. Civ. P. 4. *See Baylor*, 2015 U.S. Dist. LEXIS 93053, at *6 (quashing service of process where plaintiff failed to send mail by "restricted delivery" in compliance with federal or Maryland law); *Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Armco, Inc.*, 733 F.2d at 1089 (concluding that due to invalid service the federal district court was without jurisdiction over the defendant).

For these reasons, Defendants Jeffrey Nadel d/b/a Law Offices of Jeffrey Nadel, Scott Nadel, Daniel Menchel, and Michael McKeown, by counsel, specially appearing and without waiving *in personam* jurisdiction, respectfully request that the Court deny Plaintiff's Motion for Entry of Default; and grant such other relief as may be just and proper.

Dated: March 12, 2018  Respectfully Submitted,

**JEFFREY NADEL D/B/A LAW OFFICES OF JEFFREY NADEL,**
**SCOTT NADEL,**
**DANIEL MENCHEL, AND**
**MICHAEL MCKEOWN AS**
**SUBSTITUTE TRUSTEES**
*By Counsel, specially appearing without waiving jurisdiction*

By:  */s/ Bizhan Beiramee*
Bizhan Beiramee, Esq., Md. Fed. Bar No. 29220
BEIRAMEE LAW GROUP, P.C.
7508 Wisconsin Avenue, Second Floor
Bethesda, Maryland 20814
bbeiramee@beiramee.com
(301) 547-3805
(703) 483-9599 Fax
*Counsel for Substitute Trustees, specially appearing without waiving jurisdiction*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 12, 2018, the foregoing was filed with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing to all counsel of record.  A copy of the foregoing, was also mailed, by first-class mail, postage prepaid, to:

      Elsie Marino
      12701 Darnestown Road
      Gaithersburg, MD 20878
      *Pro Se Plaintiff*

      By:    */s/ Bizhan Beiramee*
             Bizhan Beiramee, Esq., Md. Fed. Bar No. 29220
             BEIRAMEE LAW GROUP, P.C.
             7508 Wisconsin Avenue, Second Floor
             Bethesda, Maryland 20814
             bbeiramee@beiramee.com
             (301) 547-3805
             (703) 483-9599 Fax
             *Counsel for Substitute Trustees, specially appearing without waiving jurisdiction*