**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

**ELSIE MARINO,**

Plaintiff,

v.

**JEFFREY NADEL D/B/A LAW OFFICES OF JEFFREY NADEL, *et al.*,**

Defendants.

Case No. 8:17-cv-02116-GJH

**SUBSTITUTE TRUSTEES' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendants Jeffrey Nadel d/b/a Law Offices of Jeffrey Nadel, Scott Nadel, Daniel Menchel, and Michael McKeown (collectively, "Substitute Trustees"), by counsel, *specially appearing* and without waiving their prior challenge to *in personam* jurisdiction,[1] hereby oppose Plaintiff Elsie Marino's ("Plaintiff") Motion for Leave to Amend the Complaint [ECF 22]. In support thereof, Substitute Trustees state as follows:

**INTRODUCTION**

Plaintiff initiated the present lawsuit as a collateral challenge to a state law foreclosure proceeding (the "Foreclosure Proceeding") against the secured party, the loan servicer, and Substitute Trustees. *See* ECF 1 (Compl.)[2] Against Substitute Trustees the Complaint asserted a single count under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*,

[1] The Substitute Trustees previously moved to dismiss the Complaint including, *inter alia*, a challenge for lack of *in personam* jurisdiction, which is not waived. *See* ECF 18 (Sub. Trustees Mt. to Dismiss Compl.); ECF 19 (Sub. Trustees Opp. to Pl. Mt. for Entry of Default).

[2] The Foreclosure Proceeding was removed by Plaintiff to this Court, but has since been remanded. S*ee* Case No. 8:17-cv-02136-GJH, D. Md.

alleging *inter alia* that Substitute Trustees' filing the Order to Docket and initiating the Foreclosure Proceeding violates 15 U.S.C. § 1692c(b), characterizing such litigation activity as communications to a third-party, namely the circuit court clerk, without Plaintiff's consent. *See* Compl. at ¶ 73.[3]

Now, while Substitute Trustees' Motion to Dismiss is pending, Plaintiff seeks to amend the original Complaint merely to add several factual allegations in an attempt to bolster her § 1692c(b) theory. Specifically, Plaintiff claims that two additional filings by Substitute Trustees in the Foreclosure Proceeding violate § 1692c(b). *See* ECF 22-1 (Pl. Proposed Am. Compl.) at ¶¶ 42-44. Such theory is not viable, and does not support any claim against Substitute Trustees. Indeed, in granting the Motion to Remand in the Foreclosure Proceeding, this Court analyzed and expressly rejected this theory as a basis for FDCPA liability. *See* Case No. 8:17-cv-02136-GJH, D. Md., ECF 15 (Mem. Op. dated Oct. 20, 2017).

Accordingly, Plaintiff's proposed amendment is both futile and prejudicial to Substitute Trustees, particularly as their Motion to Dismiss the original Complaint is pending, and Plaintiff has yet to effect proper service of process upon Substitute Trustees. Her Motion for Leave to Amend the Complaint should be denied, and should not disrupt the Court's consideration of her original Complaint.

## STANDARD OF REVIEW

Leave to amend a complaint should be denied when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment

---

[3] Plaintiff further claimed that Substitute Trustees violated §§ 1692e and 1692g of the FDPCA. The legal defects of her FDCPA claim are discussed in Substitute Trustees' Motion to Dismiss the Complaint and Memorandum in Support, both of which are incorporated herein by reference. *See* ECF 18 (Sub. Trustees' Mt. to Dismiss Compl.); ECF 18-1 (Mem. in Support).

would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). As observed by this Court, leave to amend should be denied as futile "when the amended complaint would not survive a motion to dismiss." *Branhaven, LLC v. Beeftek, Inc.*, No. WDQ-11-2334, 2012 U.S. Dist. Lexis 15144, at *7-8 (D. Md. Feb. 7, 2012) (citing *United States ex. Rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)); *see also Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (denying leave to amend as futile "because the proposed amendments would not withstand a motion to dismiss).

## DISCUSSION

### I. Plaintiff's proposed amendment is futile, and fails to articulate any FDCPA violation by Substitute Trustees.

The Substitute Trustees note that Plaintiff's proposed amendment only adds a handful of allegations, purportedly to bolster her theory that Substitute Trustees violated the § 1692c(b) of the FDCPA. Specifically, Plaintiff claims that two of Substitute Trustees' filings in the Foreclosure Proceeding constitute prohibited communications by a debt collector to a third party. *See* ECF 22-1 (Pl. Proposed Am. Compl.) at ¶¶ 42-44. The first such filing is Substitute Trustees' Motion to Remand, filed in this Court, seeking to have the Foreclosure Proceeding remanded to Circuit Court for lack of subject matter jurisdiction. S*ee* Case No. 8:17-cv-02136-GJH, D. Md., ECF 12 (Mt. to Remand).[4] The second filing is Substitute Trustees' Motion to Defer Entry of Order of Dismissal, filed in the Circuit Court for Montgomery County, Maryland, following remand by this Court. *See* Case No. 433888V, Mont. Co. Cir. Ct., Doc. 20 (Mt. to Defer

---

4 This Court granted Substitute Trustees' Motion to Remand, and subsequently denied Plaintiff's motion to alter or amend the Remand Order. *See id.*, ECF 16 (Order dated Oct. 20, 2017); ECF 21 (Order dated May 24, 2018).

Dismissal).[5] Neither of these allegations cures the defects of Plaintiff's Complaint, however, or supports her theory of an FDCPA violation.

Indeed, this Court has already rejected Plaintiff's theory in granting remand in the Foreclosure Proceeding, holding that the FDCPA § 1692c(b)'s prohibition on communications by a debt collector with a third party is not violated by "a filing of a motion as part of ordinary litigation." Case No. 8:17-cv-02136-GJH, D. Md., ECF 15 (Mem. Op. dated Oct. 20, 2017), at p. 5; *see also id.* ("Thus, the Court finds that the Motion to Remand does not violate § 1692c(b)."). Likewise, Substitute Trustees' filing a motion to defer dismissal in Circuit Court does not violate § 1692c(b). *See id.*; *see also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 600 (2010) (noting that the FDCPA "should not be assumed to compel absurd results when applied to debt collecting attorneys"); *Cohen v. Wolpoff & Abramson, LLP*, No. CIV.A.08-1084 SRC, 2008 U.S. Dist. LEXIS 77052, at *14 (D.N.J. Oct. 1, 2008) ("[I]t would an be extreme interpretation indeed - one, really, that makes fools of Congress and the courts - to construe the FDCPA so as to bar an attorney from communicating with a forum in pursuit of a legal remedy.").

Plaintiff's proposed amendments merely seek to perpetuate a misguided theory of FDCPA liability which has already been rejected by this Court, and are accordingly futile.

**II. Substitute Trustees are prejudiced by the proposed amendment.**

The Substitute Trustees are prejudiced by the proposed amendment. Their motion to dismiss the Complaint in this matter is currently pending, and an amended complaint would impose additional costs and expense to challenge the amendment, which offers no redeeming value. *See* ECF 18 (Sub. Trustees' Mt. to Dismiss Compl.); ECF 18-1 (Mem. in Support). Plaintiff's

[5] The Circuit Court granted the Motion to Defer Entry of Dismissal. *See id.*, Doc. 21 (Order dated June 22, 2018).

proposed amendments add no support to her claims against Substitute Trustees, all of which fail as a matter of law, and should not further delay consideration of pending motions.

For these reasons, Defendants Jeffrey Nadel d/b/a Law Offices of Jeffrey Nadel, Scott Nadel, Daniel Menchel, and Michael McKeown, by counsel, specially appearing and without waiving *in personam* jurisdiction, respectfully request that the Court deny Plaintiff's Motion for Leave to Amend the Complaint; and grant such other relief as may be just and proper.

Dated: August 31, 2018

Respectfully Submitted,

**JEFFREY NADEL D/B/A LAW OFFICES OF JEFFREY NADEL,**
**SCOTT NADEL,**
**DANIEL MENCHEL, AND**
**MICHAEL MCKEOWN AS**
**SUBSTITUTE TRUSTEES**
*By Counsel, specially appearing without waiving jurisdiction*

By: */s/ Bizhan Beiramee*

Bizhan Beiramee, Esq., Md. Fed. Bar No. 29220
BEIRAMEE LAW GROUP, P.C.
7508 Wisconsin Avenue, Second Floor
Bethesda, Maryland 20814
bbeiramee@beiramee.com
(301) 547-3805
(703) 483-9599 Fax
*Counsel for Substitute Trustees, specially appearing without waiving jurisdiction*

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2018, the foregoing was filed with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing to all counsel of record. A copy of the foregoing, was also mailed, by first-class mail, postage prepaid, to:

Elsie Marino
12701 Darnestown Road
Gaithersburg, MD 20878
*Pro Se Plaintiff*

By: */s/ Bizhan Beiramee*
Bizhan Beiramee, Esq., Md. Fed. Bar No. 29220
BEIRAMEE LAW GROUP, P.C.
7508 Wisconsin Avenue, Second Floor
Bethesda, Maryland 20814
bbeiramee@beiramee.com
(301) 547-3805
(703) 483-9599 Fax
*Counsel for Substitute Trustees, specially appearing without waiving jurisdiction*