IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| ELSIE MARINO | * | |
| Plaintiff, | * | |
| v. | * | Case No: 17-cv-02116-GJH |
| JEFFREY NADEL D/B/A LAW OFFICES | * | |
| OF JEFFERY NADEL, *et al.,* | * | |
| Defendants. | * | |
| | * | |

**DEFENDANTS CALIBER HOME LOANS, INC. AND THE BANK OF NEW YORK
MELLON, AS TRUSTEE FOR CIT MORTGAGE LOAN TRUST 2007-1'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Defendants Caliber Home Loans, Inc. ("Caliber") and The Bank of New York Mellon, as

Trustee for CIT Mortgage Loan Trust 2007-1 ("BNYM"), (collectively, "Defendants"), by and

through undersigned counsel and pursuant to Fed. R. Civ. P. 15(a), respectfully submit this

memorandum in opposition to Plaintiff's Motion for Leave to Amend the Complaint (Doc. No.

22) filed by Plaintiff Elsie Marino ("Plaintiff"), and in support state as follows:

**INTRODUCTION**

As described more fully in Defendants' currently pending Motion to Dismiss the

Complaint (Doc. No. 7), Plaintiff's Complaint consists of rambling paragraphs of legal

conclusions and buzzwords which appear to be primarily culled from the internet. Plaintiff's

Complaint is utterly lacking in any factual allegations which support a viable legal claim against

Defendants and Plaintiff's sparse proposed amendments offer nothing to cure the existing

deficiency of the Complaint. Accordingly, as amendment would be futile and would only further

1

delay the ruling on the merits of the pending Motion to Dismiss, the Court should deny the Plaintiff's Motion for Leave to Amend the Complaint.

**PLAINTIFF'S PROPOSED AMENDMENTS**

In her proposed Amended Complaint, Plaintiff offers only two additions.  First, she attempts to "incorporate" the Exhibits to the original Complaint (A-G, Doc. Nos. 1-1 through 1-7) into the allegations of the Complaint.  *See* Proposed Amended Complaint ¶ 14.  Second, she adds three new paragraphs reciting her ultimately fruitless effort to remove a state foreclosure proceeding (the "Foreclosure Proceeding") to this District Court (Case No. 8:17-cv-02136-GJH), and blaming the substitute trustees for this Court's decision to remand the Foreclosure Proceeding.  *See* Proposed Amended Complaint ¶¶ 42-44, 76.

The proposed allegations of Paragraph 42 merely recite that Plaintiff attempted to remove the Foreclosure Proceeding to this Court and that the Substitute Trustees filed a Motion to Remand in response (Foreclosure Proceeding Doc. No. 12).  The proposed allegations of Paragraph 43 assert the baseless legal conclusion that mere filing of the Motion to Remand "invaded [Plaintiff's] concrete interests…and hindered the exercise of her right to defend…the foreclosure action."  The proposed allegations of Paragraph 44 then note that the Substitute Trustees filed a motion to defer a procedural dismissal in the remanded state court proceeding (apparently necessitated by the delay incurred as a result of Plaintiff's appeal of this Court's Order remanding the Foreclosure Proceeding (Foreclosure Proceeding Doc. Nos. 16, 22)).  Finally, Plaintiff's proposed revisions to Paragraph 76 are nothing more than conclusory statements that the Substitute Trustees violated the Fair Debt Collection Practices Act by seeking the remand of the wrongfully removed Foreclosure Proceeding.

Because each of these proposed allegations merely recites the procedural history that has

taken place in the Foreclosure Proceeding over the course of the past year, Plaintiff fails to allege any new facts to support Plaintiff's claims in the Complaint.  The Proposed Amended Complaint does nothing to remedy the deficiencies apparent in the Complaint, and as such is a futile effort to delay this Court's resolution of Defendants' pending Motion to Dismiss.

**STANDARD OF REVIEW**

I.     **Legal Standard Under Federal Rule of Civil Procedure 15(a).**

Leave to amend should be granted only "when justice so requires." Indeed the Fourth Circuit has made clear that leave to amend "is not to be granted automatically." *Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987). District Courts have broad discretion in determining the appropriateness of allowing amendments to pleadings. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). However, leave to amend should be denied on the ground of futility when the proposed amendment is subject to dismissal. *McDermott, Ltd. v. Moretz*, 898 F.2d 418, 420-21 (4th Cir. 1990) ("There is no error in disallowing an amendment when the claim sought to be pleaded by amendment plainly would be subject to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995); *Montalbano v. Nat'l Arbitration Forum, LLC*, 2012 U.S. Dist. LEXIS, 109034, *13 (D. Md. Aug. 3, 2012). ("Futile amendments are those that cannot survive a motion to dismiss." (citations omitted)). *Classen Immunotherapies, Inc. v. King Pharms.*, Inc., 403 F. Supp. 2d 451, 459 (D. Md. 2005). Accordingly, Plaintiff's Motion for Leave to Amend should be considered under standards applicable to Federal Rule of Civil Procedure 12(b)(6).

II.     **Legal Standard Under Federal Rule of Civil Procedure 12(b)(6).**

Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. (12(b)(6). The purpose of a Rule 12(b)(6) motion to

dismiss is to test the sufficiency of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotations omitted)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id* .; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation").

## ARGUMENT

I.    **THE AMENDED COMPLAINT ADDS NO MATERIAL ALLEGATIONS TO SUPPORT THE COMPLAINT, ATTEMPTS TO RE-LITIGATE MATTERS ALREADY DECIDED**

Defendants have already moved to dismiss the Complaint for failure to meet the pleading standards of Fed. R. Civ. P. 8(a) and 12(b)(6).  Likewise the Substitute Trustees have filed their own Motion to Dismiss for lack of Jurisdiction (Doc. No. 18).  The Proposed Amended Complaint, for all intents and purposes, makes the same factual allegations as the Complaint. Since the Proposed Amended Complaint fails to allege any new material allegations, it does nothing to remedy the existing deficiencies in the Complaint as identified by the Defendants' and Substitute Trustees' respective Motions to Dismiss.  For that reason, Plaintiff's Motion for Leave to Amend is futile and should be denied.

As noted above, Plaintiff's Proposed Amended Complaint only alleges three new "factual" paragraphs.  However, these paragraphs themselves recite nothing more than the procedural history of the litigation surrounding Plaintiff's unwarranted removal of the Foreclosure Proceeding to this Court, and this Court's proper Order remanding the Foreclosure Proceeding.  The new "actions" alleged on the part of the Substitute Trustees are restricted to the

motions they filed in the midst of this litigation and have no bearing on the matters described in the Complaint.

Merely recounting the arguments, motions, and procedural history that occurred in the Foreclosure Proceeding does nothing to bolster Plaintiff's deficient claims stated in the Complaint. Instead, it makes clear that Plaintiff's proposed new allegations are actually barred by the doctrine of collateral estoppel. Collateral estoppel applies to issues that were "actually litigated and determined by a valid and final judgment," and were "essential to the judgment," in a prior action. *Rourke v. Amchem Products, Inc.*, 153 Md. App. 91, 109-10 (2003) (quoting *Colandrea v. Wilde Lake Community Ass'n, Inc.*, 361 Md. 371, 387 (2000)). To that end, collateral estoppel requires that:

(1)  The issues now sought to be precluded must be identical to issues that were actually, fully, and fairly litigated and decided in the prior action;

(2)  There must be a final judgment on the merits;

(3)  The party against whom collateral estoppel is asserted must have been a party, or in privity with a party, to the prior adjudication; and

(4)  The party against whom collateral estoppel is asserted must have been given a fair opportunity to be heard on the issues in question.

Here, Plaintiff is merely using an alternative forum to attempt to re-litigate her failed arguments against the remand of the Foreclosure Proceeding.

Defendants and the Substitute Trustee have already moved to dismiss the Complaint (Doc. Nos. 7, 18) and these matters have been fully briefed and pending before this Court for several months now. Plaintiff's attempt to now amend the Complaint appears to have no basis other than delay of the determination of the respective Motions to Dismiss.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Court deny the Plaintiff's Motion for Leave To Amend and grant Defendants such other relief as the Court deems appropriate.

Dated:  September 4, 2018                    Respectfully submitted,

                                                 */s/ Peter J. Duhig*
                                       Peter J. Duhig (Fed. Bar No. 26899)
                                       **MCGUIREWOODS LLP**
                                       500 E. Pratt Street, Suite 1000
                                       Baltimore, MD 21202
                                       Telephone: (410) 659-4554
                                       Facsimile: (410) 659-4498
                                       E-mail: pduhig@mcguirewoods.com

                                       ***Counsel for Caliber Home Loans, Inc. and The Bank of New York Mellon***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of September 2018, a true and correct copy of the foregoing was filed and served through the Court's CM/ECF system and/or via U.S. Mail addressed as follows.

Elsie Marino
12701 Darnestown Road
Gaithersburg, MD 20878
*Pro se Plaintiff*

Jeffrey Nadel d/b/a Law Offices of Jeffrey Nadel
Scott E. Nadel
Daniel Menchel
Michael McKeown
4041 Powder Mill Road
Suite 415
Calverton, Maryland 20705


           */s/ Peter J. Duhig*
           Peter J. Duhig