**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **ELSIE MARINO,** | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-17-2116 |
| | * |
| **JEFFREY NADEL D/B/A LAW OFFICES OF JEFFREY NADEL,** *et al.*, | * |
| | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This case is an action brought by *pro se* Plaintiff Elsie Marino alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692c, 1692(g)(a)(2), by Jeffrey Nadel d/b/a Law Offices of Jeffrey Nadel, Scott Nadel, Daniel Menchel, and Michael McKeown (the "Substitute Trustees"); Caliber Home Loans, Inc.; and The Bank of New York Mellon, as Trustee for CIT Mortgage Loan Trust 2007-1 ("BNYM").[1] Defendants filed Motions to Dismiss, ECF Nos. 7, 18. Plaintiff filed a Motion for Entry of Default, ECF No. 17, followed subsequently by a Motion for Leave to Amend the Complaint, ECF No. 22. No hearing is necessary. See Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motions to Dismiss, ECF Nos. 7, 18, are granted. Plaintiff's Motions for Entry of Default, ECF No. 17, and for Leave to Amend the Complaint, ECF No. 22, are denied.

---

[1] The facts relied on herein are either undisputed or viewed in the light most favorable to the Plaintiff. Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 1, and are presumed to be true.

1

## I. BACKGROUND

On June 5, 2006, Plaintiff executed a Deed of Trust for a loan of $693,000 from Wilmington Finance, Inc., using her residence as security. ECF No. 1 ¶ 15; ECF No. 1-1.[2] Plaintiff received a letter from the Nadel Firm dated January 23, 2017. ECF No. 1 ¶¶ 22-24; ECF No. 1-1. In this letter, the firm explains that Plaintiff "borrowed money from Wilmington Finance, Inc." and that BNYM is the Trustee currently holding the Note. *Id*. Plaintiff replied with a letter requesting "the name of the creditor to whom the debt is owed." ECF No. 1 ¶ 23.

In April 2017, all interest in the Deed of Trust was assigned to BNYM. *Id*. ¶ 25. This assignment was recorded in the Land Records of Montgomery County. *Id*. Plaintiff then received a second letter from the Nadel firm, this one dated April 19, 2017, informing Plaintiff she was in default for failing to pay past due installments. ECF No. 1-4. This letter identified Caliber as the Servicer, but did not identify the Creditor. *Id*. In June 2017, the Substitute Trustees began foreclosure proceedings in the Circuit Court for Montgomery County. ECF No. 1 ¶¶ 36. Plaintiff removed the foreclosure to this Court and the Substitute Trustees filed a motion to remand, which this Court granted. *See Nadel v. Marino*, GJH-17-2136, 2017 WL 4776991 (D.Md. Oct. 20, 2017).

## II. STANDARD OF REVIEW

Defendants Caliber and BNYM move to dismiss pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6), contending that the Complaint is not a "short and plain" statement of the claim, and that the Plaintiff has failed to state a claim for violations of the FDCPA.[3] Defendant Substitute

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the exhibit and page numbers generated by that system.
[3] Because the Court resolves the matter on the basis of Rule 12(b)(6), the Court need not resolve Defendant Substitute Trustee's motion to dismiss for improper service of process pursuant to Rule 12(b)(5) or Defendants Caliber and BNYM's motion to dismiss for failure to make a short and plain statement of the claim pursuant to Rule 8(a).

Trustees similarly move to dismiss for failure to state a claim under 12(b)(6), and also for improper service of process under Rule 12(b)(5).

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville, Md.*, 891 F.3d 141, 145 (4th Cir. 2018). To overcome a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys Ofice*, 767 F.3d 379, 396 (4th Cir. 2014)). The mere recitation of "elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). Nor must the Court accept unsupported legal allegations. *Revene v. Charles Cnty. Commis.*, 882 F.2d 870, 873 (4th Cir. 1989). A plausibility determination is a "context-specific inquiry" that relies on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679-80. A pro se plaintiff is held to a "less stringent" standard than a lawyer, and the Court must liberally construe a pro se plaintiff's pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Finally, a court "may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006).

## III. DISCUSSION

Plaintiff alleges three violations of the FDCPA. First, Plaintiff contends that the Substitute Trustees' communications to the customer regarding the debt failed to identify the name of the creditor to whom the debt is owed in violation of § 1692g(a)(2) and § 1692e. Second, Plaintiff contends that the recording of the assignment of interest in the Land Records of Montgomery County, Maryland, was a third-party communication in violation of § 1692c(b), and that it lacked disclosures required by § 1692e(11). Third, Plaintiff contends that the communications relating to the legal action to foreclose were third-party communications in violation of § 1692c(b).

To make a claim under the FDCPA, a Plaintiff must plead that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Flores v. Deutchse Bank Nat'l Trust Co.*, 2010 WL 2719849 at *6 (D.Md. 2010). The Court will focus on the third element of the inquiry. Plaintiff's first alleged violation of the FDCPA involves the two letters sent by the Substitute Trustees informing her that she had defaulted on her loans. Plaintiff claims these letters violated § 1692g(a)(2) because they did not include the name of the creditor to whom the debt was owed, and that they were thus false or misleading under § 1692e. The FDCPA requires that,

> [w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication . . . send the consumer a written notice containing . . . the name of the creditor to whom the debt is owed.

§ 1692g(a)(2).

The very first line of the January 23, 2017, letter states that the letter is in reference to Plaintiff's loan from Wilmington Finance, Inc. and the letter goes on to explain that the current

4

holder of the note is BNYM. Plaintiff does not explain why these disclosures are insufficient, except by offering unsupported assertions that BNYM is not the creditor. *See, e.g.,* ECF No. 1 ¶ 52. The classification of an institution as a creditor under the FDCPA is a question of law, so Plaintiff's conclusory allegations to the contrary need not be accepted as true. *See Walters*, 684 F.3d at 439. The FDCPA defines a creditor as "any person . . . to whom a debt is owed," excluding any person who "receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). Plaintiff's own Complaint recognizes that BNYM is the current holder of the note and has an interest in the deed of trust, and thus BNYM is owed a debt that it is collecting as the owner of the note—not for any other third party. ECF Nos. 1-1, 1-3; *see also* ECF No. 1 ¶ 25.

As to the April 19 letter, by the plain language of the statute, § 1692g(a) only required the identification of the creditor within five days of an *initial* communication. There can only be one initial communication. *See Senftle v. Landau*, 390 F. Supp. 2d 463, 473 (D.Md. 2005). Therefore, the FDCPA did not require the April 19 letter to identify the name of the creditor; only the January 23 letter was required to make that disclosure. Because Plaintiff has made no plausible claim that the Substitute Trustees failed to identify the name of the creditor in the January 23, 2017 letter, the Court holds that Plaintiff has failed to state a claim for a violation of § 1692g(a).

Plaintiff next contends that Caliber's recording of the assignment of Wilmington Finance, Inc.'s interest to BNYM was a third party communication barred by § 1692c(b) and lacking disclosures required by § 1692e(11). The FDCPA bars debt collectors from, "in connection with the collection of any debt," communicating with a third party. But as pled here, the recording of an assignment of interest in a deed of trust was not an attempt to collect a debt, nor did it have

anything to do with the collection of any debt. Rather, it is a way to ensure that a purchased interest is legally protected. *See generally* Md. Code Ann. Real Prop. §3-203 (explaining priorities in deed interests based on recording date). Furthermore, the disclosures required by § 1692e(11) pertain only to "written communication with the consumer." The recording of an assignment of interest was not a communication with Plaintiff. Plaintiff was not and is not a party to the assignment; indeed, she was irrelevant to the recording of the transaction between Wilmington Finance and BNYM. Plaintiff's allegations that the assignment violated §§ 1692c(b) and 1692e(11) both fail as a matter of law. *See also Owoh v. Sena*, 2018 WL 1221164 at *5 (D.N.J. 2018) (filing a lien with a county clerk was not a "communication" or "debt collection" under the FDCPA).

Finally, Plaintiff contends that the foreclosure action and related communications violate § 1692c(b) as third party communications to the court and to the public at large. *See* ECF No. 1. ¶ 50. Plaintiff thus contends that the FDCPA bars debt-holders from enforcing their debts in court. This Court has already held that the FDCPA did not bar the Substitute Trustees from moving to remand the foreclosure action to state court. *See Nadel*, 2017 WL 4776991. The same law and reasoning apply here. In *Heintz v. Jenkins*, the Supreme Court recognized that, though the FDCPA applies to debt-collecting attorneys, its internal exceptions should be read to avoid any resulting anomalies. 514 U.S. 291, 296 (1995). Subsection (b) of § 1692c contains just such an exception: communications "reasonably necessary to effectuate a postjudgment judicial remedy." The filing of an action to foreclose is a necessary precedent to reaching a postjudgment judicial remedy, so communications with a court that are necessary to maintain that foreclosure action do not violate § 1692c(b).[4] *See also Nadel*, 2017 WL 4776991 at *2-3 (motion to remand

---

[4] Five months after the filing of the Substitute Trustees' Motion to Dismiss, Plaintiff moved for leave to file an amended complaint. ECF No. 22. Leave to amend should be denied when the amendment would be futile. *Edwards*

a foreclosure action did not violation §1692c(b)); *Cohen v. Wolpoff & Abramson, LLP*, 2008 WL 4513569 at \*6 (D.N.J. 2008) (reading into § 1692c(c) "an exception to the restrictions of the FDCPA to allow the pursuit of the ordinary remedies that debt collectors pursue"). Because Plaintiff has failed to plausibly allege that Defendants engaged in an act or omission prohibited by the FDCPA, the Complaint shall be dismissed.

## IV.    CONCLUSION

Defendants' Motions to Dismiss, ECF Nos. 7, 18 are granted. Plaintiff's Motion for Entry of Default and Leave to Amend the Complaint, ECF Nos. 17, 22 are denied. A separate Order shall issue.

Date: <u>September 27, 2018</u>                             <u>      /s/                              </u>
                                                                                    GEORGE J. HAZEL
                                                                                    United States District Judge

---

*v. City of* Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).The proposed amended complaint added allegations that the Substitute Trustees' motion to remand violated the FDCPA. For the same reasons discussed herein and in *Nadel*, these additional allegations fail as a matter of law and are thus futile.

7